**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

Plaintiff,

vs. Cr. No. 26-0708 KG

**KARL DEVAIN ESCOBAR,**

Defendant.

**ORDER**

This matter is before the Court on Defendant Karl Devain Escobar's Opposed Motion for Release from Custody to Continue Release Pending Sentencing. Doc. 31. The Court has reviewed the motion, the Government's response, the original pretrial services report, and the pretrial services status report. Docs. 11, 30-32. Having considered the arguments of the parties and the applicable law, the Court grants Defendant Escobar's motion.

The matter before the Court is a narrow one: Is the crime of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) a violent crime pursuant to the residual clause found in 18 U.S.C. § 3156(a)(4)(B) of the Bail Reform Act ("the Act")? The answer to this question is determinative of whether a defendant who is adjudged guilty of assault resulting in serious bodily injury is subject to mandatory detention absent exceptional circumstances pursuant to 18 U.S.C. § 3143(a)(2), or whether he is subject to the less onerous provision allowing release pending sentencing if he can show by clear and convincing evidence that he is not a flight risk or danger to the community pursuant to 18 U.S.C. § 3143(a)(1). Although narrow, the question is not an easy one. To the Court's knowledge, no circuit court nor the

Supreme Court have addressed the question related to this particular crime in this particular context.

## I. Background

Defendant pleaded guilty pursuant to a plea agreement with the Government on September 11, 2026. Docs. 33, 36. Specifically, Defendant pleaded guilty to one count of assault resulting in serious bodily injury in Indian Country in violation of 18 U.S.C. §§ 113(a)(6), 1153. Prior to his plea, Defendant had been on conditions of release pending the resolution of his case. Doc. 16. During his time on pretrial release, Defendant did not violate his conditions of release. Doc. 30. Anticipating his guilty plea and his potential detention after his plea hearing, Defendant filed a motion requesting that he remain on his conditions of release pending his final sentencing hearing. Doc. 31.

Defendant argues that the crime of assault resulting in serious bodily injury is not a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(B), and because it is not a crime of violence, Defendant need only show by clear and convincing evidence that he is not a flight risk nor a danger to the community to remain on conditions of release pending his sentencing hearing. *Id*. at 2-4. Defendant does not claim that the residual clause is unconstitutionally vague. Doc. 41 at 23. He instead argues that, because assault resulting in serious bodily injury can be committed in a reckless manner, it cannot categorically be a crime of violence under 18 U.S.C. § 3156(a)(4)(B). *See United States v. Zunie*, 444 F.3d 1230, 1235 (10th Cir. 2006). Doc. 31 at 3-4. Therefore, Defendant should be subject to the clear and convincing standard found in 18 U.S.C. § 3143(a)(1) and should remain on conditions of release pending his sentencing hearing.[1]

[1] Although he argued in his motion that there were exceptional circumstances allowing for release even under 18 U.S.C. § 3143(a)(2) should that section apply, Doc. 31 at 5-6, at oral

*Id*. at 4-5.

The Government disagrees. Relying on an argument contemplated, though not decided, by the court in *United States v. Medina*, Cr. No. 23-1473 DHU, 2024 WL 3509575 (D.N.M. July 23, 2024), the Government asserts that assault resulting in serious bodily injury is a crime of violence as defined by § 3156(a)(4)(B). The Government explains that, because the Act's residual clause is arguably broader than similar residual clauses and because an assault resulting in serious bodily injury, in the ordinary case, "inherently involve[s] violent, aggressive conduct," it should be considered a crime of violence pursuant to § 3156(a)(4)(B). Thus, Defendant should be subject to the mandatory detention requirement of 18 U.S.C. § 3143(a)(2) and no exceptional circumstances exist under 18 U.S.C. § 3145 to warrant his continued release.

Reviewing all of the parties' arguments, the Court agrees with Defendant and finds that assault resulting in serious bodily injury is not a crime of violence under the Bail Reform Act.

## II. Analysis

### A. The Residual Clause of the Bail Reform Act is Constitutional.

Although Defendant does not argue that the Act's residual clause is constitutional, like the court in *Medina*, the Court believes it is obligated to address the constitutionality of the Act's residual clause before addressing whether a particular crime falls within it. To that end, the Court adopts the reasoning in *Medina*, 2024 WL 3509575 at *2-3.[2] The clause itself provides that a crime of violence is one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18

---

argument Defendant admitted that the required exceptional circumstances were not present in this case. Doc. 41 at 37-38.

[2] The constitutionality of the Act's residual clause has yet to be directly addressed by the Tenth Circuit or the Supreme Court.

U.S.C. § 3156(a)(4)(B). As the *Medina* court points out, the Supreme Court has invalidated similar clauses in multiple statutes for being unconstitutionally vague. *Medina*, 2024 WL 3509575 at *2. Notably, those cases made clear that they were limited to the statutes at issue in each particular case. *See Johnson v. United States*, 576 U.S. 591, 606 (2015) (citing 18 U.S.C. § 924(e)(2)(B)); *Sessions v. Dimaya*, 584 U.S. 148, 174 (2018) (citing 18 U.S.C. § 16); *United States v. Davis*, 588 U.S. 445, 470 (2019) (citing 18 U.S.C. § 924(c)).

More important here, however, is the case where the Supreme Court did not invalidate such a clause. In *Beckles v. United States*, 580 U.S. 256 (2017), the Court examined the United States Sentencing Guidelines' crime of violence residual clause.[3] The Court distinguished the Guidelines and held that, given their non-mandatory nature, they are not subject to a constitutional vagueness challenge. *Id*. at 265. "The advisory Guidelines," the Court wrote, "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. And apropos of the issue here, the Second Circuit put a finer point on *Beckles* two years later in *United States v. Watkins*, 940 F.3d 152 (2nd Cir. 2019), albeit in the context of initial detention under 18 U.S.C. § 3142. There, the Second Circuit held that the Act's residual clause was not subject to a vagueness challenge "because § 3142(f)(1) does not define criminal offenses, fix penalties, or implicate the dual concerns underlying the void-for-vagueness doctrine, it is not amenable to a due process challenge and is therefore not unconstitutionally vague." *Id*. at 161; *but see United States v. Cruz*, Cr. No. 24-145 VEC, 2024 WL 3634861 (S.D.N.Y. August 1, 2024) (finding the Act's residual clause unconstitutionally vague in the context of post-conviction mandatory detention).

[3] The Sentencing Guidelines were amended to remove the residual clause at issue in *Beckles*. U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (Nov. 2016).

Finally, the Tenth Circuit has, as the *Medina* court notes, tacitly validated and then applied § 3156(a)(4)(B) in the context of determining whether certain statutes are crimes of violence, albeit pre-*Johnson*. *See United States v. Ingle*, 454 F.3d 1082 (10th Cir. 2006) (felon in possession, in violation of 18 U.S.C. § 922(g)(1), is not a crime of violence under the Act's residual clause); *see also United States v. Rogers*, 371 F.3d 1225 (10th Cir. 2004) (possession of a firearm in violation of a domestic protection order, in violation of 18 U.S.C. § 922(g)(8), and possession of a firearm following a misdemeanor conviction of domestic violence, in violation of 18 U.S.C. § 922(g)(9), are crimes of violence under the same).

Given the reasoning of *Beckles* and *Watkins* and the validation of the Act's residual clause in *Ingle* and *Rogers*, the Court finds that the residual clause of the Bail Reform Act, 18 U.S.C. §3156(a)(4)(B) is not unconstitutionally vague.

**B. Because Assault Resulting in Serious Bodily Injury can be Committed Recklessly, it is Not a Crime of Violence for Purposes of the Bail Reform Act's Residual Clause.**

Having found that 18 U.S.C. § 3156(a)(4)(B) is not unconstitutionally vague, the Court turns to whether assault resulting in serious bodily injury pursuant to 18 U.S.C. § 113(a)(6) is a crime of violence under the same. The Court holds that it is not.

**1. Applying Tenth Circuit Precedent, Reckless Conduct Falls outside of the Bail Reform Act's Residual Clause.**

To begin, § 3156(a)(4)(B), the residual clause of the Bail Reform Act, provides that a crime of violence is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In determining whether a particular crime falls within this definition, the court uses a categorical approach. *Ingle*, 454 F.3d at 1084-85; *United States v.*

*Perea*, No. CR 09-1034 JB, 2010 WL 2292419, at *10 (D.N.M. May 24, 2010) (also using the categorical approach to determine whether a crime is a crime of violence under § 3156(a)(4)). That is, the court cannot consider "the 'particular circumstances surrounding' the defendant's alleged violation," but instead must look at the generic offense in making its decision. *Id*. (quoting *Rogers*, 371 F.3d at 1228 n.5.). Assault resulting in serious bodily injury can be committed purposefully, knowingly, or *recklessly*. *Zunie*, 444 F.3d at 1234. And because it is possible to commit this type of assault with a reckless *mens rea*, Defendant argues that it falls outside of the Act's residual clause definition. Doc. 31 at 3-4. The Court agrees.

In support of his argument, Defendant cites *United States v. Scoville*, 561 F.3d 1174, 1180 (10th Cir. 2009), for the proposition that such a residual clause "is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts." However, the residual clause at issue in *Scoville* is slightly different from the one here because it also included example crimes. The statute at issue in *Scoville* provides that a violent crime is any crime that "is *burglary, arson, or extortion, involves use of explosives*, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B) (emphasis added). This distinction is notable as the language cited by Defendant is the result of the *Scoville* court's reliance on *Begay v. United States*, 553 U.S. 137 (2008), abrogated on other grounds by *Johnson v. United States*, 576 U.S. 591 (2015). In determining whether driving under the influence was a crime of violence under § 924(e)(2)(B), the Supreme Court in *Begay* used the enumerated crimes preceding the residual clause to hold that only *similar* crimes, rather than *every* crime, that presents a serious potential risk of physical injury to another would be considered a violent crime. *Id*. at 142; *see also Medina*, 2024 WL 3509575 at *5 (The enumerated crimes "informed the Court's interpretation of the types of crimes that could

qualify as violent under the residual clause."). *Begay* ultimately held that driving under the influence was not a crime of violence under § 924(e)(2)(B). *Begay*, 576 U.S. at 147-48.

In its response, the Government does not address *Scoville* but does point out the distinction between the residual clause in the Bail Reform Act and in § 924(e)(2)(B). Doc. 32 at 3-4. It is certainly true that the residual clause reviewed in *Scoville* and *Begay* was more narrow than the Act's clause because of the inclusion of the enumerated crimes. But this Court doesn't need to make those comparisons. The Tenth Circuit has already examined and compared the Bail Reform Act's residual clause and the same exact clause language found in 18 U.S.C. § 16(b).[4] Indeed, in *Rogers*, the court discussed the identical clauses in relation to the differences between the crimes of burglary and drunk driving and why one crime qualified as a violent crime while the other did not:

> According to the legislative history, the paradigmatic offense that falls under § 16(b) is burglary. S.Rep. No. 98-225, at 307, *reprinted in* 1984 U.S.C.C.A.N. at 3486-87. There, what is risked is not just injury, but intentional violence committed by the offender in connection with the same general course of action. The burglar thus risks *committing* an act of violence in connection with the commission of the offense.
>
> By contrast, a drunk driver typically does not mean to cause an accident at all, and can hardly be said to "commit" the resulting violence in the same way that a burglar does. Although the drunk driver recklessly risks harming others, the risk is not that this will happen intentionally (as in burglary). Rather, it is that the impairment of the driver's faculties will result in negligent driving, which in turn will result in an accident. Thus, while burglary and DWI are similar in that they both recklessly risk harm, they differ greatly in the character of the act that immediately causes the harm. A burglar is reckless of the risk of committing an intentional act of violence; a drunk driver is reckless of the risk that he will accidentally cause harm. Whatever the precise degree of intent necessary to separate violent conduct from conduct that leads to harmful consequences, it seems plain that DWI resulting in an accident

---

[4] Although § 16(b) was later struck down for constitutional vagueness, the *Rogers* analysis of the clauses is still applicable given this Court's finding that the Act's residual clause is not unconstitutionally vague, *supra* at II.A.

> which, when it happens, is a purely unintended result-falls into the latter category. Hence, DWI is not within the ambit of § 16(b).

*Rogers*, 371 F.3d at 1231 (quoting *United States v. Lucio-Lucio*, 347 F.3d 1202, 1205-06 (10th Cir. 2003). Like drunk driving, assault resulting in serious bodily injury can be committed by way of reckless conduct. *See Zunie*, 444 F.3d at 1234 (holding that an individual driving while intoxicated who injures another causing serious bodily injury is guilty of a violation of 18 U.S.C. § 113(a)(6)). And it is this type of reckless conduct and the "character of the act that immediately causes the harm" that pulls assault resulting in serious bodily injury outside the reach of the Bail Reform Act's residual clause.

**2. The "Ordinary Application" is Too Tenuous to Apply.**

The Government also argues that, although reckless conduct is theoretically possible in the course of committing assault resulting in serious bodily injury, reckless conduct is not the "ordinary case." Doc. 32 at 3-4; *see James v. United States*, 550 U.S. 192, 207-08 (2007), overruled in part by *Johnson*, 576 U.S. 591; *see also United States v. Fish*, 758 F.3d 1, 19, 22 (1st Cir. 2014) (Dyk, J., dissenting). And because violent, aggressive conduct is what is typical in the "ordinary application" of the statute, the Government concludes that assault resulting in serious bodily injury should fall within the Act's residual clause. Doc. 32 at 3-4. The Court disagrees.

While the Government's position is not unreasonable, it is not currently supported by any law or precedent that the Government cites or this Court could find. The Government's position subverts clear Tenth Circuit precedent related to the necessary categorical analysis that defines a crime of violence. *See Ingle*, 454 F.3d at 1084-85. Even in *Medina*, the court ultimately

"accept[ed] the parties' agreement that § 113(a)(6) assault resulting in serious bodily injury is not a crime of violence under § 3156(a)(4)." *Medina*, 2024 WL 3509575 at *6.

Further, accepting the Government's argument, it is not clear that reckless assault resulting in serious bodily injury is out of the ordinary. In this District, every year the Government brings multiple charges of assault resulting in serious bodily injury that are the consequence of vehicular accidents involving intoxicated drivers. Thus, insofar as this particular District is concerned, it is unclear to the Court whether the reckless-type assault actually would be the unordinary situation.

The crime of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) can be committed in multiple ways, including recklessly. And because it can be committed in a reckless manner, it is not a crime of violence pursuant to 18 U.S.C. § 3156(a)(4)(B). *See also United States v. Scott*, No. EP-14-CR-42-PRM, 2014 WL 4403162, at *5 (W.D. Tex. July 28, 2014) (also holding that "§ 113(a)(6) is not a crime of violence pursuant to § 3156(a)(4)(B)").

**C. Defendant Has Shown by Clear and Convincing Evidence that he is Not a Flight Risk or Danger to the Community and Shall Remain on Conditions of Release Pending his Sentencing Hearing.**

Because assault resulting in serious bodily injury is not a crime of violence, the Defendant is subject to 18 U.S.C. § 3143(a)(1) for purposes of detention. Pursuant to § 3143(a)(1), the Court finds by clear and convincing evidence that Defendant is not a flight risk nor a danger to the community. Defendant has been fully compliant with all of his conditions since being released on April 2, 2026. Docs. 16, 30. The Government has not provided any information to believe that he will be anything but completely compliant from now until his

sentencing hearing currently set for December 15, 2026. Doc. 40. Therefore, Defendant may continue on his conditions of release pending his sentencing hearing.

**IT IS THEREFORE ORDERED** that Defendant Escobar's Opposed Motion for Release from Custody to Continue Release Pending Sentencing, Doc. 31, is GRANTED.

JENNIFER M. ROZZONI
United States Magistrate Judge