**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 1:26-cr-00708-KG-1

KARL DEVAIN ESCOBAR,

Defendant.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Memorandum in Support of Appeal of Release Order Pending Sentencing, Doc. 46, and Defendant Karl Devain Escobar's Response, Doc. 47. On appeal, the Government's seeks review of Magistrate Judge Rozzoni's Order permitting Defendant to remain on conditions of release pending sentencing. *See* Doc. 42. For the reasons below, the Court affirms.

## *I. Background*

On September 11, 2026, Defendant pleaded guilty to one count of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6), pursuant to a plea agreement with the Government. *See* Doc. 36. Before pleading guilty, Defendant—who was already on pretrial release pending resolution of his case—filed a motion seeking permission to remain on conditions of release pending sentencing. Doc. 31; *see also* Doc. 16 (Order Setting Conditions for Release). The Government opposed the motion, arguing Defendant was subject to mandatory detention under 18 U.S.C. § 3156(a)(4)(B) of the Bail Reform Act (the "Act") and that no exceptional circumstances justified his release. Doc. 32.

After a hearing, Judge Rozzoni granted the motion and released Defendant pending sentencing. Doc. 42. In her written Order, Judge Rozzoni concluded that Defendant was not

subject to mandatory detention under the Act and then found Defendant demonstrated by clear and convincing evidence he was not a flight risk or danger to the community. *Id.* at 5–10. The Government appealed. *See* Doc. 46. Since his release, Defendant remains fully complaint with his conditions of release. *Id.* at 8.

## *II. Analysis*

The Government raises two issues on appeal.[1] *See* Doc. 46 at 2–8. The first is a legal one: Whether the crime of Assault Resulting in Serious Bodily Injury in violation of § 113(a)(6) qualifies as a "crime of violence" under the residual clause of the Act at § 3156(a)(4)(B). The second issue, which forecasts the Court's answer to the first, is factual: Whether Defendant met his burden to show by clear and convincing evidence that he is not a flight risk or danger to the community. The Court addresses each in turn.

### A. Assault Resulting in Serious Bodily Injury does not constitute a crime of violence under the residual clause of the Bail Reform Act.

The Court must first determine whether Defendant's crime of Assault Resulting in Serious Bodily Injury qualifies as a crime of violence under the residual clause of the Act. "This is a question of the construction and applicability of a federal statute that [the Court] review[s] de

---

[1] Judge Rozzoni's Order, *sua sponte*, also addressed a third question: Whether the residual clause of the Bail Reform Act is constitutional. *See* Doc. 42 at 3–5. The Court agrees with Judge Rozzoni's conclusion that the residual clause of this Act—unlike other residual clauses like 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act that the Supreme Court invalidated in *Johnson v. United States*, 580 U.S. 256 (2017)—is constitutional because § 3152(a)(4)(B) "does not define criminal offenses, fix penalties, or implicate the dual concerns underlying the void-for-vagueness doctrine[.]" *Id.* at 3 (quoting *United States v. Watkins*, 940 F.3d 152, 161 (2d Cir. 2019)); *see also United States v. Medina*, 23-cr-1473-DHU, 2024 WL 3509575, at *2 (D.N.M. July 23, 2024) ("The residual clause of the Bail Reform Act is constitutional."). Because neither party raised the issue on appeal, the Court does not address it any further. *See* Doc. 46 at 3 ("The Defense did not argue that the residual clause is unconstitutional; however, the Government asserts—and agrees with Judge Rozzoni's order—that the residual clause under § 3156(a)(4)(B) is constitutional[.]")

novo." *United States v. Rogers*, 371 F.3d 1225, 1227 (10th Cir. 2004) (citation omitted). After careful review, the Court concludes it does not.

The Court begins with the language of the statute itself. *United States v. Hopson*, 150 F.4th 1290, 1302 (10th Cir. 2025). The Act defines the term "crime of violence" as:

> (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense[.]

§ 3156(a)(4)(b). Here, the Government concedes that Defendant's crime does not fall under the "elements clause" in Subsection A because it "can be violated recklessly." Doc. 46 at 3. Instead, the Government argues the crime qualifies as one of violence under the "residual clause" of Subsection B. *Id.* at 3–8.

In the Tenth Circuit, courts apply a "categorical approach to identify a crime of violence" under the residual clause of the Act. *United States v. Ingle*, 454 F.3d 1082, 1084–85 (10th Cir. 2006). Under this standard, courts look only to the "generic offense, not the underlying circumstances" surrounding the defendant's alleged violation. *Id.* at 1085 (citation omitted). "In other words, the possibility of force must result from the nature of the elements of the offense rather than from the particular way that the defendant allegedly committed the crime." *Rogers*, 371 F.3d at 1228 n.5.

Applying the categorical approach here, the Court concludes that Assault Resulting in Serious Bodily Injury is not a crime of violence under the residual clause of the Act. It does so for two reasons. First, although the Court is unaware of any controlling authority definitively establishing whether § 113(a)(6) is a crime of violence for purposes of the Act, the Tenth Circuit's decision in *Rogers* is especially persuasive. In *Rogers* the Tenth Circuit examined two

residual clauses—the one at issue here and another codified at 18 U.S.C. § 16(b)—both of which contain identical language. *See* 371 F.3d at 1230–32. When it analyzed what constitutes a crime of violence, the *Rogers* Court distinguished the required mens rea for burglary from drunk driving:

> [A] drunk driver typically does not mean to cause an accident at all, and can hardly be said to 'commit' the resulting violence in the same way that a burglar does. . . . A burglar is reckless of the risk of committing an intentional act of violence; a drunk driver is reckless of the risk that he will accidentally cause harm.

*Id.* at 1231 (quoting *United States v. Lucio-Lucio*, 347 F.3d 1202, 1205–6 (10th Cir. 2003)). Although the *Rogers* Court ultimately held that "possession of a firearm while subject to a domestic protection order and possession of a firearm following a misdemeanor conviction of domestic violence" are "much more like burglary" and both crimes of violence for purposes of the Act, it did so based on a congressional finding that "convictions [under this statute] for domestic violence offenses reflect a propensity to inflict bodily harm upon others[.]" *Id.* at 1229, 1231 (citation omitted); *see also* 18 U.S.C. §§ 922(g)(8)-(9). Thus, at best, *Rogers* stands for the proposition that a statute criminalizing reckless behavior does not meet the criteria for a crime of violence under the Act unless some other special circumstances make the statute unique. Second, the Tenth Circuit has also held that Assault Resulting in Serious Bodily Injury may be committed with a reckless mens rea. *United States v. Zunie*, 444 F.3d 1230, 1235 (10th Cir. 2006) ("[A] finding of purpose, knowledge, or recklessness supports a conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).").

Read together, *Rogers* and *Zunie* therefore compel the conclusion that § 113(a)(6) is not a crime of violence for purposes of the Act. Unlike the statute at issue in *Rogers*, Section 113(a)(6) is merely a garden variety assault statute. *Compare* § 113(a)(6), *with* § 113(a)(7) ("Assault

resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years"), *and* § 113(a)(8) ("Assault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate").

Relying on *Johnson v. United States,* 576 U.S. 591, 596 (2015), the Government urges the Court to adopt a modified categorical approach under the residual clause of the Armed Career Criminal Act ("ACCA") at 18 U.S.C. § 924(e)(2)(B) and instead "picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." Doc. 46 at 7; *see, e.g.*, *United States v. Scoville*, 561 F.3d 1174, 1176–1181 (10th Cir. 2009) (applying a "modified categorical approach" under the residual clause of the ACCA). The Court acknowledges the merit of this argument and that this is a difficult legal question. *See United States v. Medina*, 2024 WL 3509575 at *6 ("[T]he Court notes that it is unaware of any clear guidance, one way or another, as to what the Tenth Circuit or Supreme Court would do if presented with these [same] arguments."). But the residual clause found in the ACCA is different from the one at issue here because it contains example crimes. *Compare* § 3156(a)(4)(b), *with* § 924(e)(2)(B). These meaningful differences in language counsel against this approach.

B. <u>Defendant has shown by clear and convincing evidence that he is not a flight risk or danger to the community.</u>

Having determined that Defendant's crime does not fall within the residual clause of the Act, the Court proceeds to the second issue: Whether Defendant met his burden to show by clear and convincing evidence that he is not a flight risk or danger to the community. Although the Government's appeal argues that no "exceptional reasons" exist to warranting release under § 3145(c), it does not argue that Defendant is either a flight risk or danger to the community. *See*

Doc. 46 at 8. "The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

Section 3143(a)(1) establishes a rebuttable presumption that a defendant will be detained pending sentencing unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community[.]" *See also* Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Johnson*, 652 Fed. Appx. 619, 621 (10th Cir. 2016).

The Court concludes that Defendant has shown by clear and convincing evidence that he is not a flight risk or danger to the community and may remain on conditions of release pending sentencing. To make this determination the Court reviewed the following:

1. The Indictment (Doc. 2);
2. The Information (Doc. 33);
3. The Pretrial Service's Report ("PSR"), including the recommendation to release Defendant to the a halfway house subject to additional conditions (Doc. 7);
4. Order Setting Conditions of Release (Doc. 16);
5. The Plea Agreement (Doc. 36);
6. Defendant's Opposed Motion to Continue Release Pending Sentencing (Doc. 31);
7. The Government's Response (Doc. 32)
8. The Clerk's minutes of the detention hearing on September 18, 2026 (Doc. 44);
9. The transcript of the detention hearing on September 18, 2026 (Doc. 41);
10. Judge Rozzoni's Order (Doc. 42);
11. The Government's Memorandum in Support of Appeal of Release Order Pending Sentencing (Doc. 46); and,
12. Defendant's Response (Doc. 47).

Here, Defendant was ordered released on April 2, 2026, and placed in the custody of La Posada Halfway House. Doc. 16 at 2. Since then, the Government does not dispute Defendant's

compliance with his conditions of release. *See* Doc. 46 at 8 ("The United States does not dispute Defendant's compliance . . . with pretrial release conditions[.]"). Based Defendant's compliance and a review of the record, the Court therefore adopts and imposes all conditions of release imposed by Judge Rozzoni. The Court emphasizes it has a zero-tolerance policy for any violations of the conditions of release.

## *III. Conclusion*

For the reasons above, the Court affirms Judge Rozzoni's Order, Doc. 42, in full.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.